**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHARLES BRENT | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-04-3746 |
| ROBERT KUPEC, Warden, *et al*. | : | |
| Defendant | : | |

. . . . .o0o. . . . .

**MEMORANDUM**

This civil rights action was originally filed on March 25, 2003, and was dismissed without prejudice on July 2, 2003. *See Brent v. Kupec, et al.,* Civil Action No. WMN-03-868 (D. Md. 2003). In that action Plaintiff alleged that he was removed from his prison State Use Industries (SUI) job at Eastern Correctional Institution (ECI) in retaliation for his past litigation activities. *Id*. The action was dismissed without prejudice pending Plaintiff's exhaustion of administrative remedies. The instant case was instituted via Plaintiff's Petition to Reinstate the claim, filed November 22, 2004. Paper No. 1. Currently pending is Defendants' Motion to Dismiss or in the alternative for Summary Judgment. Paper No. 7. Plaintiff has filed a Response to the Motion. Paper No. 9. Upon review of the papers filed, the court finds no need for an evidentiary hearing. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, will be granted.

## I. Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and

> supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**II. Analysis**

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). The existence

of an independent reason for removing Plaintiff from his job and subsequent failure to rehire him for the same job, should be sufficient to refute his claim that there was retaliatory animus involved in those decisions. *Mount Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 287 (1977) (proof that adverse decision would not have occurred but for prohibited retaliation); *see also McDonald v. Hall*, 610 F. 2d 16, 18 (1st Cir. 1979) (alleged retaliatory transfer to another prison requires showing that retaliation for protected activity was actual motivating factor for transfer).

Plaintiff was removed from his prison job after receiving a Notice of Infraction for possession of contraband, namely, dice and matches. At the adjustment hearing Plaintiff claimed that the dice were part of a backgammon game which he was permitted to purchase and possess, and that he was unaware that matches were no longer allowable property. In addition, he claimed that the matches were in a pocket of a pair of pants that he no longer wore. The adjustment hearing officer, nevertheless, found him guilty of the infraction and imposed a counsel and reprimand penalty.[1] Plaintiff alleges that because the penalty did not involve segregation time or loss of good conduct time, he should have been rehired at his prison job. He claims that he was not rehired because he is known to be litigious and Defendants were retaliating against him for his past successful litigation against various Division of Correction employees.

Plaintiff also claims that he was originally denied a job at the State Use Industries (SUI)

---

[1] To the extent that Plaintiff seeks review of the adjustment hearing officer's decision and the subsequent administrative decision upholding the guilty finding, this Court is not the proper forum for such a review. There is no constitutional liberty interest involved where, as here, there has been no revocation of diminution of confinement credits. *See* *Sandin v. Conner*, 515 U.S. 472, 483– 84 (1995) (liberty interest limited to freedom from restraint which imposes "atypical and significant hardship in relation to ordinary incidents of prison life").

program because he is an epileptic. Paper No. 9. In response to the denial of the job, Plaintiff had several letters written to the Warden on his behalf by the ACLU and the NAACP, alleging that the practice was a violation of the Americans with Disabilities Act. *Id*. He claims that only after these letters were written was he finally hired and that Defendants never forgot the reprimand he caused them to receive from these organizations. *Id*. Plaintiff attributes statements to various Defendants to the effect that litigation filed by inmates is not viewed favorably and that his penchant for filing lawsuits would not be helpful to Plaintiff if he sought participation in programs available at ECI. *Id*. Plaintiff claims that Defendant Sergeant Twilley explained to him that, "[a]s long as you have litigation against staff or this institution, you will not be given any job in SUI." *Id*. Plaintiff also claims that there were other inmates employed in the SUI program who received more serious infractions with more severe penalties imposed, but were permitted to maintain their jobs. *Id*.

In their Motion to Dismiss or for Summary Judgment, Defendants maintain that policy dictates that if an inmate is found guilty of a category I, II or III rule violation, he must be removed from his SUI job. Plaintiff was found guilty of a category III rule violation and, as a result, was removed from his SUI job. Paper No. 7 at Ex. 1. A request to rehire Plaintiff for the SUI job was made by the plant manager on May 18, 2004. *Id*. That request was denied by classification staff because Plaintiff was ineligible for the job due to the Notice of Infraction he had received. *Id*. Subsequent to that disapproval, Plaintiff was given other jobs. *Id*. He was employed as a sanitation worker from June 16, 2004 to October 29, 2004, when he was reassigned to work as a catalog clerk. *Id*. Plaintiff does not dispute that he was provided with other employment. Plaintiff's loss of the higher paying, more preferable SUI job has not adversely effected his ability or desire to exercise his constitutional right to

access the courts. Plaintiff repeatedly proclaims that he has not been deterred from filing complaints against institutional staff as a result of any alleged adverse actions taken against him. Paper No. 9. Thus he has failed to establish a cognizable claim of retaliation.

To the extent that Plaintiff alleges he has been deprived of due process, he does not have a due process right in the retention of his prison job. In the prison context there are two different types of constitutionally protected liberty interests which may be created by state action. The first is created when there is a state created entitlement to an early release from incarceration. *Board of Pardons v. Allen*, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). Following the reasoning of the Supreme Court in *Sandin*, it appears that no liberty interest is implicated in decisions relating to prison job assignments or work release. *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 669-70 (8th Cir. 1996); *Lee v. Governor, State of New York*, 87 F.3d 55, 58 (2nd Cir. 1996); *Dominique v. Weld*, 73 F.3d 1156, 1160-61 (1st Cir. 1996). While it is well established that prisoners do not have a liberty interest in job assignments, prison officials may not discriminate on the basis of race in making such assignments. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991); *Bentley v. Beck*, 625 F.2d 70 (5th Cir. 1980). In the instant case, Plaintiff's claim concerns not just a job assignment but the job assignment of his choice. That claim cannot form the basis of a due process claim.

To the extent that Plaintiff's complaint raises an equal protection claim, it also fails. Plaintiff has

alleged that other unnamed inmates have been permitted to keep SUI jobs even though they were found guilty of institutional rule infractions. Paper No. 9. He asserts that he is unable to provide this Court with any particular examples of this practice because Defendants have refused to answer interrogatories propounded by him on this issue. *Id*. Plaintiff's assertion, which is unsupported by any particular instances of the alleged discriminatory practice, is not enough to establish a genuine dispute of material fact on the issue. A scheduling order requiring discovery was never issued in this case: therefore, Defendants were not required to respond to Plaintiff's requests for discovery. *See* Local Rule 104.4.

Notwithstanding the failure to provide Plaintiff with an opportunity to conduct discovery, the information he seeks to establish through discovery would not establish a valid equal protection claim. Plaintiff is alleging simply that other inmates were not removed from SUI jobs following a guilty finding at an adjustment proceeding. He does not allege that the difference in treatment was based on race, ethnicity, religious preference or some other suspect classification. Assuming that Plaintiff was in fact treated differently from other prisoners who were similarly situated, the appropriate analysis of the actions taken in removing Plaintiff from his SUI job is whether or not the decision was rationally related to a legitimate penological interest. *See Veney v. Wyche*, 293 F. 3d 726, 731 (4th Cir. 2002). First, Plaintiff must establish that the disparate treatment was based on intentional discrimination. *Id*. At most, Plaintiff has suggested that the policy requiring removal from an SUI job based on an adjustment conviction has not been applied without exception. Because prison officials must be permitted appropriate levels of discretion in decisions effecting the day to day operations of prisons, this Court is not permitted to second guess those decisions absent clear evidence of discriminatory intent. Thus,

even assuming Plaintiff could produce the evidence he suggests would have been available through discovery, there is no basis for finding an equal protection violation.

**III. Conclusion**

The removal of Plaintiff from his job was undertaken pursuant to a legitimate prison policy. There is no basis for finding that Defendants attempted to either intimidate Plaintiff from accessing the courts or that the decision to remove him from his job was the result of intentional discrimination or illegal retaliation. Accordingly, having found no genuine dispute of material fact present in this case, Defendants' Motion, construed as a Motion for Summary Judgment, will be granted by separate Order which follows.

/s/

May 5, 2005
Date

William M. Nickerson
Senior United States District Judge